Steven M. Kaplan (SK 6909)
Kaplan & Levenson P.C.
*Attorneys for Defendants-Counterclaimants*
  *Codigo Music, LLC, Codigo Publishing, LLC*
    *Codigo Entertainment, LLC and SE Music Acquisition, LLC*
630 Third Avenue
New York, NY 10017
212.983.6900

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
TUFAMERICA, INC.,

          Plaintiff,

   vs.

CODIGO MUSIC, LLC, CODIGO PUBLISHING, LLC, CODIGO ENTERTAINMENT, LLC, SE MUSIC ACQUISITION, LLC, SONY MUSIC ENTERTAINMENT, a division of SONY CORPORATION OF AMERICA, and THE CLYDE OTIS MUSIC GROUP,

          Defendants.
-----------------------------------------------------------------X

Case No. 11-CIV-1434 (WHP)

**DEFENDANTS CODIGO MUSIC, LLC, CODIGO PUBLISHING, LLC, CODIGO ENTERTAINMENT, LLC, AND SE MUSIC ACQUISITION, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

***JURY TRIAL REQUESTED***

       Defendants, Codigo Music, LLC, Codigo Publishing, LLC, Codigo Entertainment, LLC, and SE Music Acquisition, LLC (hereinafter collectively referred to as the "Codigo Defendants"), by and through undersigned counsel, hereby file their Answer, Affirmative Defenses, and Counterclaim, and state as follows:

## BACKGROUND

    1.    Deny the allegations of paragraph 1.

    2.    Deny the allegations of paragraph 2.

## PARTIES

3. Deny having knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 3, and on that basis deny same.

4. Admit the allegations of paragraph 4.

5. Admit the allegations of paragraph 5.

6. Admit the allegations of paragraph 6.

7. Admit that SE Music Acquisition, LLC is a Delaware limited liability company with its principal place of business located at 5400 NE 4th Court, Studio 1A, Miami, FL 33137 and deny the balance of paragraph 7.

8. Deny having knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 8, and on that basis deny same.

9. Deny having knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 9, and on that basis deny same.

## JURISDICTION AND VENUE

10. The Codigo Defendants do not dispute subject matter jurisdiction, but deny the factual allegations of paragraph 10.

11. The Codigo Defendants do not dispute personal jurisdiction or venue, but deny the factual allegations of paragraph 11.

## FACTS

12. Deny having knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 12, and on that basis deny same.

13. Deny the allegations of paragraph 13.

14. Deny the allegations of paragraph 14.

15.     Deny the allegations of paragraph 15.

16.     Deny the allegations of paragraph 16.

17.     Deny the allegations of paragraph 17, and aver that, in part, the allegations of paragraph 17 purport to state a conclusion of law, to which no answer is required.

18.     Deny the allegations of paragraph 18.

19.     Deny the allegations of paragraph 19, except admit that plaintiff TufAmerica, Inc. ("TufAmerica") purports to have filed certain documents with the United States Copyright Office, none of which establish or create any rights in the subject works in TufAmerica.

20.     Admit that one or more of the Codigo Defendants is the owner and operator of the www.fania.com website, the contents of which speaks for itself; and deny the remaining allegations of paragraph 20.

21.     Deny the allegations of paragraph 21, and aver that the www.fania.com website and its content speak for itself.

22.     Deny the allegations of paragraph 22, and aver that the www.fania.com website and its content speak for itself.

23.     The allegations of paragraph 23 purport to summarize the functionality of the www.fania.com website and its content speak for itself and on that basis, deny same.

## THE UNAUTHORIZED HIPPY SKIPPY LICENSE

24.     Admit that in or about 1966, Bobby Marin ("Marin") wrote the music and lyrics to a song entitled "I'll be a Happy Man" ("Happy Man"), that Happy Man is the true original musical work among all of the copyrights at issue in this case and that in or about 1966, a studio band named "The Latin Blues" recorded a performance of Happy Man, which was released by

Speed Records a/k/a Speed Swinger ("Speed"), and deny the remaining allegations of paragraph 24.

25. Deny the allegations contained in paragraph 25, except admit that in or about 1969, Harold Beatty ("Beatty") copied the musical composition for Happy Man and rearranged it as an instrumental entitled "Hippy Skippy Moon Strut, Opus 1" ("Hippy Skippy"), that on an unknown date between 1967 and 1975, David Clowney, professionally known as David Cortez ("Clowney") copied the musical composition for Happy Man and rearranged it in a work entitled "Happy Soul with a Hook" (hereinafter "Happy Soul"), and that on an unknown date prior to 1975, Clowney and the Moon People recorded performances of Happy Soul and Hippy Skippy for Speed.

26. Deny the allegations contained in paragraph 26, except admit that in or about 1969, Harold Beatty ("Beatty") copied the musical composition for Happy Man and rearranged it as an instrumental entitled "Hippy Skippy Moon Strut, Opus 1" ("Hippy Skippy"), that on an unknown date between 1967 and 1975, David Clowney, professionally known as David Cortez ("Clowney") copied the musical composition for Happy Man and rearranged it in a work entitled "Happy Soul with a Hook" (hereinafter "Happy Soul"), and that on an unknown date prior to 1975, Clowney and the Moon People recorded performances of Happy Soul and Hippy Skippy for Speed.

27. Deny the allegations of paragraph 27.

28. Deny the allegations of paragraph 28, except admit that TufAmerica may have filed certain documents with the Copyright Office, none of which establish any rights in the subject works.

29. Deny the allegations of paragraph 29.

30. Deny the allegations of paragraph 30.

31. Deny the allegations of paragraph 31, except admit that the Codigo Defendants acquired the ownership rights in the subject works from Emusica Records, LLC (and/or its affiliates).

32. Deny having knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 32, and on that basis deny same.

33. Deny the allegations of paragraph 33.

## FIRST CAUSE OF ACTION

34. The Codigo Defendants repeat and reiterate paragraphs 1-33 above.

35. The allegations of paragraph 35 purport to state a conclusion of law, not a factual allegation, to which no response is required.

36. Deny the allegations of paragraph 36.

37. Deny the allegations of paragraph 37.

38. Deny the allegations of paragraph 38.

39. Deny the allegations of paragraph 39.

40. Deny the allegations of paragraph 40.

41. Deny the allegations of paragraph 41.

## SECOND CAUSE OF ACTION

42. The Codigo Defendants repeat and reiterate paragraphs 1-41 above.

43. The allegations of paragraph 43 purport to state a conclusion of law, not a factual allegation, to which no response is required.

44. Deny the allegations of paragraph 44.

45. Deny the allegations of paragraph 45.

46. Deny the allegations of paragraph 46.

47. Deny the allegations of paragraph 47.

48. Deny the allegations of paragraph 48.

49. Deny the allegations of paragraph 49.

### THIRD CAUSE OF ACTION

50. The Codigo Defendants repeat and reiterate paragraphs 1-49 above.

51. Deny the allegations of paragraph 51.

52. Deny the allegations of paragraph 52.

53. Deny the allegations of paragraph 53.

54. Deny the allegations of paragraph 54.

### FOURTH CAUSE OF ACTION

55. The Codigo Defendants repeat and reiterate paragraphs 1-54 above.

56. Deny the allegations of paragraph 56.

57. Deny the allegations of paragraph 57.

58. Deny the allegations of paragraph 58.

59. Deny the allegations of paragraph 59.

60. Deny the allegations of paragraph 60.

61. Deny the allegations of paragraph 61.

### FIFTH CAUSE OF ACTION

62. The Codigo Defendants repeat and reiterate paragraphs 1-62 above.

63. Deny the allegations of paragraph 63.

64. Deny the allegations of paragraph 54.

## SIXTH CAUSE OF ACTION

65. The Codigo Defendants repeat and reiterate paragraphs 1-64 above.

66. Deny the allegations of paragraph 66.

## SEVENTH CAUSE OF ACTION

67. The Codigo Defendants repeat and reiterate paragraphs 1-66 above.

68. Deny the allegations of paragraph 68.

69. Admit that, due to the allegations set forth in the complaint, an actual case and controversy exists, and deny the remaining allegations of paragraph 69.

70. Admit that, due to the allegations set forth in the complaint, an actual case and controversy exists, and deny the remaining allegations of paragraph 70.

71. Admit the allegations contained in paragraph 71.

## EIGHTH CAUSE OF ACTION

72. The Codigo Defendants repeat and reiterate paragraphs 1-71 above.

73. Deny the allegations of paragraph 73.

74. Admit that, due to the allegations set forth in the complaint, an actual case and controversy exists, and deny the remaining allegations of paragraph 74.

75. Admit that, due to the allegations set forth in the complaint, an actual case and controversy exists, and deny the remaining allegations of paragraph 75.

76. Admit the allegations contained in paragraph 76.

## NINTH CAUSE OF ACTION

77. The Codigo Defendants repeat and reiterate paragraphs 1-77 above.

78. There are no claims against the Codigo defendants in TufAmerica's Ninth Cause of Action.

79. There are no claims against the Codigo defendants in TufAmerica's Ninth Cause of Action.

80. There are no claims against the Codigo defendants in TufAmerica's Ninth Cause of Action.

### TENTH CAUSE OF ACTION

81. The Codigo Defendants repeat and reiterate paragraphs 1-81 above.

82. Deny the allegations of paragraph 82.

83. Admit that, due to the allegations set forth in the complaint, an actual case and controversy exists, and deny the remaining allegations of paragraph 83.

84. Admit the allegations of paragraph 84.

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a cause of action against the Codigo Defendants.

2. TufAmerica lacks standing to assert any of the claims in the Complaint.

3. TufAmerica does not own, or allege to own, a registration for any registered trademark.

4. TufAmerica's claims for equitable relief are barred by laches.

5. TufAmerica's claims are barred by the doctrine of equitable and/or promissory estoppel.

6. TufAmerica waived any rights it may have in the intellectual property at issue as well as any claims which may arise therefrom.

7. TufAmerica's claims are barred by the applicable statute of limitations and the statute of frauds.

8. TufAmerica's claims are barred due to its own bad faith, fraud and unclean hands.

9.      TufAmerica is not the rightful owner of any of the intellectual property at issue in the instant case.

10.     TufAmerica's claims are barred by Section 411 of the Copyright Act.

## COUNTERCLAIMS

### Parties, Jurisdiction, and Venue

1.      Defendants-Counterclaim plaintiffs Codigo Music, LLC and Codigo Publishing, LLC are Delaware limited liability companies with their principal place of business at 5400 NE 4th Court, Studio 1A, Miami, FL 33137.

2.      Plaintiff-Counterclaim Defendant TufAmerica, Inc. ("TufAmerica") is a New York corporation with a place of business at 10 West 37th Street, Suite 601, New York, NY 10018.

3.      This Court has jurisdiction over the subject matter of this counterclaim pursuant to 28 U.S.C. §§ 1338, 1367 in that the claims arise under the United States Copyright Act. This Court has subject matter jurisdiction over the state law claims involved because they are substantially related to claims arising under the Copyright Act.

4.      Venue is proper in this district because all parties reside or transact business in this district, including the business set forth herein.

### I'll be a Happy Man

5.      In or about 1966, Bobby Marin (hereinafter referred to as "Marin") wrote the music and lyrics to a song entitled "I'll be a Happy Man" (hereinafter referred to as "Happy Man"). Happy Man, in relation to Hippy Skippy Moon Strut and Happy Soul, is the true original musical work among all of the copyrights at issue in this case.

6. Also in or about 1966, a studio band named "The Latin Blues" recorded a performance of Happy Man which was released by Speed Records a/k/a Speed Swinger (hereinafter referred to as "Speed").

7. By written agreement dated July 29, 1975, Fania Records, Inc. (hereinafter referred to as "Fania") purchased the assets of Roulette Records, Inc. ("Roulette"), including without limitation, the copyrights in the sound recordings for Happy Man and the rights in and to the "Speed" mark, which had previously acquired the assets and/or business of Speed.

8. On July 22, 2005, Emusica Records, LLC (hereinafter referred to as "Emusica") purchased all of the assets of Fania, which included, among other things, the ownership of the Speed sound recordings, which included Happy Man and Hippy Skippy, as released by Speed, as well as the rights to use the "Speed" mark.

9. By assignment dated November 13, 2007, Marin assigned his ownership of all administration rights to the copyrights in the musical composition of Happy Man, which he had never previously sold or assigned (which included the rights to the musical composition for Happy Man), to Emusica.

10. On November 15, 2007 Emusica duly filed an application, together with deposit material, for the registration of the copyrights in the musical composition for Happy Man.

11. On November 19, 2007, Emusica duly filed an application, together with deposit material, for the registration of the copyrights in the sound recording for Happy Man as recorded by the Latin Blues.

12. On or about April 23, 2009, defendant SE Music Acquisition, LLC purchased the assets of Emusica, which included, among other assets, the administrative rights in the musical

composition of Happy Man, the copyrights in the sound recordings for Happy Man, as released by Speed, and the "Speed" mark.

13. Thereafter, SE Music Acquisition, LLC (i) changed its name to Codigo Music, LLC, and (ii) assigned to Codigo Publishing, LLC the publishing rights to all of the musical works purchased from Emusica (and with respect to the musical composition of Happy Man, the administrative rights), including without limitation the musical works at issue in this case. Codigo Music, LLC and Codigo Publishing, LLC are hereinafter collectively referred to as "Codigo."

14. As a result of the above transactions, and subject to the DNJ Settlement Agreement (as that term is defined and discussed below), Codigo is the present and sole owner of all rights, title, interests, and claims in the copyrights to sound recordings and administrative rights in the musical composition for Happy Man, as well as all right, title and ownership of the "Speed" mark.

**Hippy Skippy Moon Strut, Opus 1**

15. In or about 1969, Harold Beatty (hereinafter referred to as "Beatty") copied the musical composition for Happy Man and rearranged it as an instrumental entitled "Hippy Skippy Moon Strut, Opus 1" (hereinafter referred to as "Hippy Skippy").

16. Neither Marin nor any other person or entity that ever owned the rights to Happy Man ever authorized or otherwise gave permission to Beatty to use, copy, or otherwise reproduce or make derivative works of the Happy Man composition or sound recording.

17. On or about October 13, 1969, Beatty purported to sell to Slew Enterprises, Ltd. (hereinafter referred to as "Slew") the ownership of the musical composition in Hippy Skippy.

18. Two days later, on October 15, 1969, Slew purported to transfer ownership of the musical composition in Hippy Skippy to Eden Music Corp. (hereinafter referred to as "Eden"), for the purchase price of one dollar ($1.00).

19. On or about November 14, 1969, Eden filed an application for the registration of a copyright in the musical composition for Hippy Skippy with the United States Copyright Office, falsely identifying Beatty as the author of the composition and improperly identifying Eden and Slew as the claimants.

20. Upon information and belief, on an unknown date prior to July 29, 1975, Roulette acquired some or all of Speed's assets.

21. In or about December 1969, at the request and insistence of Eden, the "Moon People", a studio band consisting of the same individual musicians as the Latin Blues, recorded a performance of Hippy Skippy and, upon information and belief, released it on Slew, a division of Speed, before subsequently releasing it on Roulette.

22. On or about December 1, 1969, Eden purported to grant a mechanical license to Roulette to make and distribute records containing the sound recording of Hippy Skippy performed by the "Moon People."

23. As part of Fania's July 29, 1975 acquisition of assets owned by Roulette, which had previously acquired the master recordings owned by Speed, Fania acquired ownership of the copyright in all of the sound recordings released on Slew, including Hippy Skippy,

24. As part of Emusica's July 22, 2005 acquisition of Fania's assets, Emusica acquired the copyrights in all of the sound recordings released on Slew, including Hippy Skippy.

25. As part of Codigo's acquisition of the assets of Emusica, and subject to the DNJ Settlement Agreement, Codigo acquired the copyrights and all ownership in the sound recording to Hippy Skippy.

26. Until the DNJ Settlement Agreement was entered into, Beatty's, Slew's, Eden's, and or Roulette's use and reproduction of any materials incorporating the musical composition or sound recordings of Hippy Skippy constituted infringement of Emusica's exclusive rights in the copyrights.

**The License to Sony**

27. In May 2006, Argon Productions ("Argon"), an affiliate of the Clyde Otis Music Group, purported to grant a license (the "Sony License) to Sony/BMG Records ("Sony") to use the sound recording of Hippy Skippy in connection with Christina Aguilera's performance of "Ain't no Other Man," which was recorded and released by Sony on CD single #82876885652/82876860722 (hereinafter referred to as the "Sony Record").

28. "Ain't no Other Man" contains a sample of the Moon People's recording of Hippy Skippy.

29. Until the DNJ Settlement Agreement was executed, the above referenced sample infringed on Emusica's sound recording and/or musical composition of Happy Man.

**Happy Soul with a Hook**

30. On an unknown date between 1967 and 1975, David Clowney (hereinafter referred to as "Clowney") – professionally known as David Cortez – copied the musical composition for Happy Man and rearranged it in a work entitled "Happy Soul with a Hook" (hereinafter referred to as "Happy Soul").

31. On or about May 22, 2007, Gambi Music, Inc. (hereinafter referred to as "Gambi") registered a copyright for the musical composition for Happy Soul.

32. The application filed by Gambi falsely represented that Clowney was the author of the musical composition and that it was created in 1967.

33. On an unknown date prior to 1975, Clowney and the Moon People recorded a performance of Happy Soul for Speed.

34. Fania sold the copyright in the Clowney/Moon People sound recording in Happy Soul to Emusica as part of Emusica's July 22, 2005 acquisition of Fania's assets.

35. Codigo then acquired the copyright in the sound recording to Happy Soul as part of Codigo's acquisition of Emusica's assets.

**The District of New Jersey Litigation**

36. In or about July 2007, The Clyde Otis Music Group, Inc. ("Clyde Otis") filed an action against Emusica and multiple other parties in the United States District Court for the District of New Jersey bearing Case Number 07-CV-3112 (KSH) (the "DNJ Action"). In the DNJ Action, Clyde Otis alleged that Emusica and the other defendants were infringing the copyrights in Hippy Skippy and sought monetary damages, declaratory and injunctive relief.

37. Emusica counterclaimed, alleging that Happy Man is the true, original music and sound recording, and that Clyde Otis and the other defendants were infringing upon its copyrights.

38. Morton Craft (hereinafter referred to as "Craft") was given notice of the DNJ Action, but chose not to intervene or otherwise assert any rights in any of the musical works.

39. The DNJ Action ultimately settled (the "DNJ Settlement Agreement"). The gravamen of the DNJ Settlement Agreement is that (i) all of the parties in the DNJ Action

assigned any ownership rights they had or claimed to have in Happy Man, Hippy Skippy and Happy Soul (including "Happy Soul" and "Happy Soul with a Hook") to Emusica; (ii) the parties agreed to share in the revenues generated from the musical compositions (i.e. the publishing) on said works; and (iii) to divide among them the royalties generated from the Sony License.

**TufAmerica's Claimed Interest**

40.  In this action, TufAmerica claims to have acquired the exclusive administrative rights in some, or all of the subject works from Craft "o/b/o himself, Speed Records, Peek A Boo and Slew Music", in connection with the alleged acquisition of at least <u>eighty three</u> copyrights.

41.  Craft (either individually or on behalf of any entity he controlled or had an interest in) never owned or controlled any of the copyrights in any of the subject works, nor did he ever own or control any rights to the "Speed" mark.

42.  TufAmerica does not allege how Craft allegedly acquired any rights in any of the property alleged to have been transferred to TufAmerica in 2004 by Craft. TufAmerica also does not allege that it has ever used any of the property purportedly transferred by Craft.

43.  Moreover, TufAmerica is either unaware of, or ignores, the fact that all of the rights at issue with regards to the license issued to Sony for use in Ain't No Other Man by Christian Aguilera, originated with Marin's authorship of Happy Man in 1966, .

44.  Codigo's rights in the sound recordings to Happy Man, Hippy Skippy and Happy Soul (including Happy Soul and Happy Soul with a Hook), as allocated in the DNJ Settlement Agreement, are property rights of substantial commercial value.

45.  Neither Codigo, Emusica, Clyde Otis nor any other party to the DNJ Action ever authorized Craft or TufAmerica to use, reproduce, copy, sell, assign or exchange any rights in any works which are the subject of this Action.

## FIRST COUNTERCLAIM
### (Declaratory Judgment)

46. Codigo hereby realleges the allegations contained above.

47. In bringing this action, and in filing the copyright registrations referred to in paragraph 19 and Exhibit B to the complaint, TufAmerica has asserted that it has ownership and other rights in and to the musical works and other intellectual property at issue in this case.

48. As set forth above, and in the DNJ Action and DNJ Settlement Agreement, Codigo, as assignee from Emusica, is the sole and exclusive owner of the musical works and other intellectual property at issue in this case (subject to the terms of the DNJ Settlement Agreement).

49. As a result, there exists an actual case and controversy over (i) which party(ies) is the true owner of the rights in and to the musical works at issue, as well as the "Speed" mark, (ii) whether the Sony License constituted a valid grant of the rights set forth therein; (iii) whether the copyright registrations filed by the respective parties are valid, or whether any of them should be declared void; and (iv) what the parties' respective rights are to the musical works and "Speed" mark.

50. Codigo seeks an order from this Court (A) declaring that (i) Codigo, and as set forth in the DNJ Settlement Agreement, the other parties to the DNJ Action, are the sole and exclusive owners of the rights in and to all of the musical works at issue in this case, (ii) Codigo, by assignment from Emusica, is the sole owner of the rights in and to the "Speed" record mark, (iii) the Sony License constitutes a valid and binding transfer of the rights stated to be transferred therein and that Sony's exploitation of such rights does not infringe upon any of TufAmerica's rights, (iv) Sony is authorized to pay the royalties and other compensation due under the Sony License in accordance with the terms and provisions of the Sony License and the DNJ Settlement

Agreement (and the transfer of Emusica's rights thereunder to Codigo; and (v) TufAmerica has no rights in or to any of the musical works at issue herein, or to the "Speed" mark, and that the copyright registrations filed by TufAmerica be declared void and cancelled; and (B) permanently enjoining and restraining TufAmerica, directly or indirectly, from using, reproducing, copying, transferring, assigning, licensing or otherwise dealing in any of the musical works at issue in this action, including without limitation the use of the "Speed" mark.

**WHEREFORE**, Codigo requests judgment against TufAmerica as follows:

1.  Dismissing the complaint in its entirety with prejudice;

2.  Declaring that (i) Codigo, and as set forth in the DNJ Settlement Agreement, the other parties to the DNJ Action, are the sole and exclusive owners of the rights in and to all of the musical works at issue in this case, (ii) Codigo, by assignment from Emusica, is the sole owner of the rights in and to the "Speed" record mark, (iii) the Sony License constitutes a valid and binding transfer of the rights stated to be transferred therein and that Sony's exploitation of such rights does not infringe upon any of TufAmerica's rights, (iv) Sony is authorized to pay the royalties and other compensation due under the Sonly License in accordance with the DNJ Settlement Agreement (and the transfer of Emusica's rights thereunder to Codigo; and (v) TufAmerica has no rights in or to any of the musical works at issue herein, or to the "Speed" mark, and that the copyright registrations filed by TufAmerica in any of the subject works be declared void and cancelled.

3.  A permanent injunction enjoining and restraining TufAmerica, directly or indirectly, from using, reproducing, copying, transferring, assigning, licensing or otherwise dealing in any of the musical works at issue in this action, including without limitation the "Speed" mark.

4. Granting Codigo the costs and disbursements of this action, attorneys' fees and such other and further relief as to the Court seems just and proper.

Dated: May 31, 2011

                                      KAPLAN & LEVENSON P.C.
*Attorneys for Defendants-Counterclaimants Codigo Music, LLC, Codigo Publishing, LLC Codigo Entertainment, LLC and SE Music Acquisition, LLC*

630 Third Avenue
New York, NY 10017
212.983.6900
kl@kaplev.com

By: _____
      Steven M. Kaplan (SK6909)