**MEMO ENDORSED**

## MICHAEL B. KRAMER & ASSOCIATES
ATTORNEYS AT LAW
150 EAST 58TH STREET
NEW YORK, NEW YORK 10155
TELEPHONE (212) 319-0304
FAX (212) 319-0545
WWW.MKRAMERLAW.COM

MICHAEL B. KRAMER*

RUBIN JAY GINSBERG*
MORGAN E. DOWNER*
PETER T. SALZLER

*ADMITTED N.Y. & N.J.

NEW JERSEY OFFICE

501 GRENVILLE AVENUE
TEANECK, NJ 07666
(201) 501-0089

KINDLY REFER ALL CORRESPONDENCE
TO NEW YORK CITY OFFICE

psalzler@mkramerlaw.com

September 5, 2012



SEP 05 2012

ANDREW L. CARTER, JR.
U.S. DISTRICT JUDGE
S.D.N.Y.

**Via E-Mail**
The Honorable Andrew L. Carter, Jr.
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: <u>Tuf-America, Inc. v. Morton Craft, et. al, Case # 11 CIV 1434</u>

Dear Judge Carter:

      This office represents the interests of Morton Craft ("Mr. Craft"), one of the defendants in the above-referenced matter. This letter is submitted to request a pre-motion conference with respect to Mr. Craft's intent to move to disqualify Kelly D. Talcott, Esq. as counsel for the Plaintiff, Tuf-America, Inc. ("Tuf-America" or "Plaintiff"), because he previously represented Mr. Craft in this action.

      On or about March 3, 2011, Tuf-America commenced this action seeking injunctive relief and damages relating to the use of certain musical recordings—that were sampled and used in a popular recording by Christina Aguilera—against Codigo Music LLC, Codigo Publishing LLC, Codigo Entertainment, LLC (collectively "Codigo"), the Clyde Otis Music Group ("Clyde Otis"), and Sony Music Entertainment. On October 18, 2011, the defendants deposed Mr. Craft, who is 92 years old, as a non-party witness and Mr. Talcott acted as Mr. Craft's attorney during the deposition. Following the deposition, Plaintiff, by Mr. Talcott's office, filed an Amended Complaint, dated December 6, 2011, which added Mr. Craft as a defendant and alleged that he had repudiated certain agreements that he had entered into with Tuf-America in October, 2004.[1]

---

[1] Plaintiff also discontinued its claims against Sony Music Entertainment around that time.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **9-7-12**

MICHAEL B. KRAMER & ASSOCIATES

As noted above, Mr. Talcott served as Mr. Craft's attorney for the deposition as he was otherwise unrepresented at that time. Once Tuf-America served Mr. Craft with the Amended Complaint, this office began representing Mr. Craft's interests in early 2012. I raised the conflict of interest issue with Mr. Talcott at that time and he claimed that he did not share any confidences with Mr. Craft. However, as I prepared with Mr. Craft for his deposition that was scheduled for August 29, 2012,[2] it became clear that Mr. Craft believed that Mr. Talcott and/or Tuf-America was representing his interests at the time of the deposition. It is clear from the transcript of Mr. Craft's October 18, 2011 deposition that Mr. Talcott was acting on Mr. Craft's behalf. Indeed, when asked if he had a lawyer at the deposition, Mr. Craft indicated that Mr. Talcott was his lawyer and that "Tuf got them for me."

Based upon the foregoing, it is clear that a conflict of interest exists due to Mr. Talcott's continued representation of Tuf-America and former representation of Mr. Craft. An attorney may be disqualified from representing a client if: "(1) the party moving for disqualification is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client." *Scantek Med., Inc. v. Sabella*, 693 F. Supp. 2d 235, 239 (S.D.N.Y. 2008). It is clear that all three factors are met in this case as Mr. Craft believed Mr. Talcott was acting as his attorney during the deposition that led him to be added as a defendant in this action. As such, it is clear that Mr. Talcott's continued representation of Tuf-America would taint the course of this proceeding and that he should be disqualified as Tuf-America's counsel.

For the foregoing reasons, Mr. Craft respectfully requests a pre-motion conference in order to obtain the Court's consent to filing a motion to disqualify Plaintiff's counsel.

Very truly yours,

Peter T. Salzler

cc: Kelly D. Talcott, Esq. (via e-mail)
    Michael D. Steger, Esq. (via e-mail)
    Steven M. Kaplan, Esq. (via e-mail)

*A pre-motion conference is scheduled for 9/12/12 at 11:00 a.m. in Courtroom 26B. So Ordered.*

*Andrew T Carter*
*9-7-12*

---

[2] The deposition was postponed due to health issues with Mr. Craft. It should also be noted that the August 29, 2012 deposition was a follow-up to the October 18, 2011 deposition, which was adjourned with Mr. Talcott's consent on behalf of Mr. Craft.

2

Case 1:11-cv-01434-ALC-DCF   Document 53   Filed 09/07/12   Page 3 of 6

# Kelly D. Talcott
The Law Offices of Kelly D. Talcott
34 Grove Street, PO Box 43
Sea Cliff, New York 11579-0043
v. 516.515.1545 – kelly@kdtalcott.com – www.kdtalcott.com – f. 516.871.0682

September 6, 2012

Honorable Andrew L. Carter, Jr.
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: TufAmerica, Inc. v. Codigo Music LLC, et al., 11cv1434 (ALC)(DCF)

Dear Judge Carter,

I am counsel for plaintiff TufAmerica, Inc., and write in response to the September 5, 2012 letter of Peter Salzler on behalf of defendant Morton Craft, requesting a pre-motion conference in advance of a proposed motion to disqualify me as TufAmerica's counsel in this matter.

As per Your Honor's individual practices, the purpose of this response is to outline TufAmerica's position with respect to Mr. Salzler's proposed motion.

There are several reasons why TufAmerica will oppose such a motion. By way of background, at the outset of this litigation, TufAmerica's interests and Mr. Craft's interests appeared to be aligned. Mr. Craft had previously transferred control of a number of songs and music labels to TufAmerica, in exchange for which TufAmerica paid Mr. Craft substantial advances, and has a continuing obligation to pay him as it receives additional proceeds (including any recovery from this lawsuit) in connection with any of those songs and labels. At his deposition, however, Mr. Craft claimed that he had no idea that this was the case, and accused TufAmerica of stealing the tracks and labels that were the subject of his agreement with TufAmerica.

As I pointed out to Mr. Salzler back in April -- the last time he raised this subject with me -- while I did appear with Mr. Craft at his deposition, my involvement with Mr. Craft did not rise to the level of one in which an attorney-client relationship existed. Please see my full response to Mr. Salzler, attached, which explains my position in more detail. Frankly, based on my meetings with Mr. Craft and his performance at his deposition, I am not sure he was or is able to share confidences or understand legal advice. His mental state is such that, while he appears to be able to function day to day, his short-term recall may be substantially impaired.

There are a number of other reasons why TufAmerica will oppose Mr. Salzler's proposed motion. First, in the more than four months that have followed my April response to Mr. Salzler,

Honorable Andrew L. Carter, Jr.
September 6, 2012
Page 2

he never once raised the disqualification issue with me privately, or in the course of conference calls held among counsel for the parties, or even during our mutual appearances in several case management conferences - both live and on the telephone - with Magistrate Judge Freeman. During these court conferences with the Magistrate Judge, all manner of topics relating to the case were discussed. In each of these meetings, Magistrate Judge Freemen would, before closing the conference, ask whether there were any other issues the parties needed to discuss. Mr. Salzler never once raised this purported disqualification issue.

Second, just last week the parties reconvened to continue Mr. Craft's deposition. (Mr. Craft had been ill, and Mr. Salzler had requested time for a doctor to examine Mr. Craft concerning Mr. Craft's ability to continue the deposition.) Mr. Salzler did not raise the disqualification issue before that deposition, which unfortunately did not take place because Mr. Craft suffered a fall that morning and was unable to attend. Mr. Salzler did appear, however, and participated in a meeting of all counsel where a deposition schedule was set covering not only Mr. Craft's continued deposition, but four other depositions that need to happen between now and the close of discovery on September 28. Mr. Salzler did not raise the disqualification issue at that meeting either.

Third, it may well be that despite the status of the pleadings, Mr. Craft and TufAmerica are not adverse. Mr. Salzler has indicated to me that he believes Mr. Craft will repudiate the October testimony that caused TufAmerica to have to name him as an additional defendant in this lawsuit. If that is the case, then TufAmerica may be in a position to withdraw its claims against Mr. Craft. While that would not remove Mr. Craft from the case -- the other defendants have claims against him -- it could realign his interests with those of TufAmerica.

Finally, it is manifestly prejudicial for Mr. Salzler to wait until now -- with less than 22 days of fact discovery remaining - to raise this issue, when he has had TufAmerica's position on it for more than four months and has not mentioned it once. If Mr. Salzler had genuine concerns about this, the time for him to write the two-page pre-motion conference letter to Your Honor was back in April, not September.

Respectfully Yours,

Kelly D. Talcott



Kelly Talcott <kdtlaw@gmail.com>

## TufAmerica v. Codigo, et al.

Kelly Talcott <kdtlaw@gmail.com>  Mon, Apr 23, 2012 at 8:29 PM
To: Peter Salzler <PSalzler@mkramerlaw.com>

Dear Peter,

This responds to your letter of March 30.

While I did offer to represent Mr. Craft at his deposition, which was as a result of a subpoena served by the Codigo defendants, and appeared with Mr. Craft at that deposition, my interactions with Mr. Craft were limited and did not result in the exchange of any privileged or confidential information or legal advice. My phone calls with him were few and very short; most of them were conference calls in which Brian Levenson, TufAmerica's in-house attorney, also participated. All phone calls related solely to scheduling meetings with Mr. Craft (I recall we had to reschedule once or twice due to Mr. Craft's health). Mr. Levenson was also present for the two meetings I had with Mr. Craft, each of which took place in the lobby of his apartment building in an open area. Our discussions exchanged no privileged information; during the two meetings we held with him, we discussed the background of the lawsuit (all of which is set forth in the complaint), the allegations made by TufAmerica (all of which are in the complaint), and the contract he signed with the company (which was an exhibit to the complaint). He asked for and received no legal advice. He disclosed no confidences that related to this lawsuit, though he did tell a number of very interesting, if irrelevant, stories about his long career in the music business and his current efforts to promote the career of Ashley North, who accompanied him as his assistant to the deposition. (That was the first time I met Ms. North; she did not participate in our meetings.)

On the day of the deposition, the only times I was alone with Mr. Craft (Ms. North was with him when he entered my taxi at his building and drove with us to the deposition) were on breaks to help him find his way to and from the men's room. I was also alone with him briefly during lunch, when defendants' counsel left the room and Ms. North went to get us lunch. During those breaks he asked for and received no legal advice, and disclosed no confidential or privileged information to me. The sole piece of meaningful communication was provided during the lunch break, when he indicated that he was getting tired and thought he might only be able to continue for a little while longer. I shared that with defendants' counsel immediately.

Aside from the phone calls, the two meetings, and the deposition, I had no other interactions with Mr. Craft. My intention in meeting with him and appearing with him at his deposition was to provide him with any assistance he might need in the course of appearing for and testifying at his deposition. At the time, I believed that our interests were aligned, as he had signed and benefited from his agreement with TufAmerica, and we were attempting to recoup rights and monies that would benefit him (and, indeed, would benefit him still). I was as surprised as anybody when, during the deposition, he claimed to have no understanding of the agreement that formed the basis of his relationship with TufAmerica.

Given the complete lack of confidences shared and legal advice given, I do not believe that my meetings with Mr. Craft and my participation at the deposition rose to the level of a formal attorney-client relationship that would prevent me from continuing in this lawsuit in my current role. Furthermore, given what you have told me in discussion, it is not at all clear to me that Mr. Craft's interests and TufAmerica's interests are adverse. If Mr. Craft intends to abide by the language of his agreement with TufAmerica, then our interests have once again aligned.

Please contact me with any further questions on this matter.

--
**Kelly D. Talcott**

# KAPLAN & LEVENSON P.C.

ATTORNEYS AT LAW

630 THIRD AVENUE
NEW YORK, NEW YORK 10017-6705

TEL: (212) 983-6900
FAX: (212) 983-9210
E-MAIL: KL@KAPLEV.COM
WWW.KAPLEV.COM

PAUL R. LEVENSON
(1955-2005)

NEW JERSEY OFFICE

433 HACKENSACK AVENUE
2ND FLOOR
HACKENSACK, NJ 07601
TEL: (201) 646-9400
FAX: (201) 646-9401

September 6, 2012

**Via E-mail**

Honorable Andrew L. Carter, Jr.
United States District Judge
Daniel Patrick Moynihan
 United States Courthouse
500 Pearl Street
New York, NY 10007-1313

   Re: **TufAmerica, Inc. v. Codigo Music, LLC, et al.**
     **Civil Action No. 11-CIV-1434 (ALC)(DF)**

Dear Judge Carter:

  I represent defendants-counterclaimants-cross-claimants Codigo Music, LLC, Codigo Publishing, LLC, and Codigo Entertainment, LLC (the "Codigo Parties") in the above-referenced matter. By letter dated September 5, 2012, Peter T. Salzer, counsel for defendant Morton Craft, requested a pre-motion conference regarding Mr. Craft's intent to file a motion to disqualify Kelly D. Talcott, Esq, counsel for plaintiff TufAmerica, Inc. For the reasons set forth in Mr. Salzer's letter, the Codigo Parties intend to join in Mr. Craft's motion.

Respectfully,

Steven M. Kaplan

cc: Kelly Talcott, Esq. (via email)
   Michael Steger, Esq. (via email)
   Peter Salzer, Esq. (via email)

{00105688.1 / 1240-001}