Michael B. Kramer (MK 7071)
Peter T. Salzler (PS 2610)
MICHAEL B. KRAMER & ASSOCIATES
150 East 58th Street
New York, New York 10155
(212) 319-0304
psalzler@mkramerlaw.com
mkramer@mkramerlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
TUFAMERICA, INC.,

        Plaintiff,                                Case No. 11 CIV 1434 (ALC)(DF)

v.

CODIGO MUSIC, LLC, CODIGO
PUBLISHING, LLC, CODIGO
ENTERTAINMENT, LLC, THE CLYDE
OTIS MUSIC GROUP, INC., and MORTON
CRAFT,

        Defendants.
---------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT,
<u>MORTON CRAFT'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL</u>**

**PRELIMINARY STATEMENT**

Defendant, Morton Craft ("Craft" or "Defendant"), respectfully submits this memorandum of law in support of Craft's motion to disqualify Plaintiff, TufAmerica, Inc.'s ("TufAmerica" or "Plaintiff") counsel based upon counsel's prior representation of Craft in the instant action.

As will be made clear herein, TufAmerica's counsel, Mr. Kelly D. Talcott, Esq. ("Mr. Talcott"), represented Craft for the purposes of a third-party deposition[1] on October 18, 2011 (the "Deposition") that was conducted by the other Defendants in this action, Codigo Music, LLC, Codigo Publishing, LLC, Codigo Entertainment, LLC, (collectively "Codigo"), the Clyde Otis Music Group, Inc., ("Otis") and Sony Music Entertainment.[2]  Talcott actively represented Craft during the Deposition and had conversations with him prior to the Deposition.   Craft, who was 91 years of age at the time of the Deposition, believed that Mr. Talcott was representing him and looking out for his best interests.   In fact, Mr. Talcott was only protecting the interests of his client, TufAmerica.

As will be discussed below, Mr. Talcott's prior representation of Craft raises critical issues in that his continued representation of TufAmerica would taint the integrity of this proceeding and prejudice Craft.

**STATEMENT OF FACTS**

The Court is respectfully referred to the accompanying affidavits of Craft and Peter T. Salzler, Esq. (the "Craft Affidavit" and the "Salzler Affidavit," respectively) and the exhibits annexed thereto, for a full statement of the pertinent facts.

---

[1] Plaintiff did not name Craft as an additional defendant until after the Deposition.
[2] Plaintiff later discontinued its' claims against Sony Music Entertainment.

2

## ARGUMENT

A motion to disqualify counsel is committed to the discretion of the District Court and such authority derives from the court's "inherent power to preserve the integrity of the adversary process." *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005). When deciding such a motion, a court must balance "the need to maintain the highest standards of the profession" against "a client's right to freely choose his counsel." *Id.* (citations omitted).

Disqualification of counsel based upon an attorney's prior representation of an adverse party is warranted when three conditions are met:

> "(1) the moving party is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client."

*Scantek Med., Inc. v. Sabella*, 693 F. Supp.2d 235, 239 (S.D.N.Y. 2008).

When the second element is satisfied, there is an irrebutable presumption that the third element is also met. *Id*. (citations omitted).

In examining the first element, courts in this District have used six factors in determining whether an attorney-client relationship existed:

> "(1) whether a fee arrangement was entered into or a fee paid; (2) whether a written contract or retainer agreement exists indicating that the attorney accepted representation; (3) whether there was an informal relationship whereby the attorney performed legal services gratuitously; (4) whether the attorney actually represented the individual in one aspect of the matter (e.g., at a deposition); (5) whether the attorney excluded the individual from some aspect of a litigation in order to protect another (or a) client's interest; (6) whether the purported client believes that the attorney was representing him and whether this belief is reasonable.

*Ritchie v. Gano*, 2008 U.S. Dist. LEXIS 67770, *15 (S.D.N.Y. Sep't 8, 2008) (quoting *Med.*

3

*Diagnostic Imaging, PLLC v. CareCore Nat'l, LLC*, 542 F. Supp. 2d 296, 307 (S.D.N.Y. 2008)). Moreover, "formality is not an essential element in the employment of an attorney." *Kubin v. Miller*, 801 F. Supp. 1101, 1115 (S.D.N.Y. 1992) (internal citations and quotations omitted). Indeed, when determining whether an attorney-client relationship exists it is important to look "at the words and actions of the parties." *Id.*

Here, it is obvious that at least the third, fourth, and sixth factors are satisfied. Mr. Talcott appeared and represented Craft at the Deposition and was actively involved throughout its duration. He made objections, helped Craft with documents, and consented to an adjournment at the conclusion of the Deposition. Moreover, as noted in the Craft Affidavit, Craft believed that Mr. Talcott was his attorney and, given the circumstances, such a belief was entirely reasonable. Indeed, Craft stated that Mr. Talcott was his attorney during the Deposition and Mr. Talcott made no argument to the contrary.[3] As such, it is clear an attorney-client relationship existed between Craft and Mr. Talcott.

The second element—that a substantial relationship exists between the subject matter of the prior representation and the issues of the present lawsuit—is also clearly met here. Mr. Talcott represented Craft for a deposition in this very lawsuit. When Craft answered questions in a manner different than Mr. Talcott expected, Mr. Talcott, on behalf of Plaintiff, simply added Craft as a defendant. Indeed, at the time that Craft gave those answers in the Deposition, Mr. Talcott remained silent and never raised what clearly amounted to a conflict of interest. He never stopped the Deposition, nor advised Craft to obtain separate counsel when the answers were given. Now, Plaintiff uses Craft's testimony from the Deposition as the very basis of its' claims against Craft.

Notably, when the second element is met, there is an irrebutable presumption that the

---

[3] Ms. North also stated that she believed that Mr. Talcott was Craft's attorney. (Salzler Affidavit, ¶ 12).

4

third element is met. *Scantek,* 693 F. Supp.2d at 239. However, here it is obvious that Mr. Talcott likely had access to relevant privileged information. Mr. Talcott admitted that he, along with TufAmerica's in-house attorney, Brian Levenson, met with Mr. Craft twice before the Deposition. Both meetings were unsupervised. It is also important to consider that Craft was 91 years old when he met with Mr. Talcott. Although Craft is not incompetent, he deals with confusion and memory issues, which are obviously to be expected for someone of his age. As such, there is much more of a risk of accessing privileged information than in other circumstances and Mr. Talcott's two conversations with Craft prior to the deposition serve to taint the integrity of the underlying proceeding.

Moreover, Mr. Talcott willingly put himself in a position a where potential conflict of interest could arise. This is not a case where Mr. Talcott unknowingly previously represented Craft on a matter that happened to arise in this litigation. Here, Craft was subpoenaed by Codigo and Mr. Talcott knew that the subject of the Deposition would be regarding the very subject matter of this litigation. Instead of advising Craft to obtain outside counsel, Mr. Talcott offered to represent him at the Deposition and knowingly put himself in a position where he was likely to receive privileged information that could benefit his client, TufAmerica. Based upon the foregoing, it is respectfully submitted that Craft's motion should be granted.

## **CONCLUSION**

For the reasons set forth herein, it is respectfully submitted that the instant motion be granted in all respects with such other relief as the Court may deem just and proper.

Dated: New York, New York
October 4, 2012

                                        MICHAEL B. KRAMER & ASSOCIATES

                              By:    s/ Peter T. Salzler
                                        Peter T. Salzler (PS 2610)
                                        Michael B. Kramer & Associates
                                        150 East 58th Street, 12th Floor
                                        New York, New York 10155
                                        psalzler@mkramerlaw.com
                                        212-319-0304